1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9

10   DOLORES DE LEON,                          )
                                               )
11                    Plaintiff,               )     Case No. 2:11-cv-01028-PMP-NJK
                                               )
12   vs.                                       )     ORDER DENYING IN PART
                                               )     MOTION FOR SANCTIONS
13   CIT GROUP INC., et al.,                   )     (Docket No. 165)
                                               )
14                    Defendants.              )
     _____       )

15

16          Pending before the Court is Plaintiff Dolores De Leon's ("Plaintiff") motion for sanctions.

17   Docket No. 165.  Defendant CIT ("Defendant") filed a response.  Docket No. 173.  No reply was

18   filed.  The Court finds the matter properly resolved without oral argument.  *See* Local Rule 78-2.

19   Having considered the materials submitted and the arguments of counsel, the Court hereby **DENIES**

20   the motion in part.[1]

21          Plaintiff's motion contends that sanctions should be imposed pursuant to 28 U.S.C. § 1927

22   for unreasonably and vexatiously multiplying proceedings.  To prevail on such a motion, Plaintiff

23   must show subjective bad faith, which "is present when an attorney knowingly or recklessly raises a

24   frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  *B.K.B.*

25   _____

26          [1] The pending motion seeks sanctions for various conduct.  This order resolves the motion only
     with respect to discovery-related conduct addressed at pages 3-6 of the motion (*i.e.*, Defendant's
27   purported refusal to authenticate documents).  *See* Docket No. 165 at 3-6.  The Court expresses no
     opinion with respect to the other aspects of the motion, which remain pending.
28

*v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).  No such showing has not been made here, so the motion is **DENIED** with respect to the discovery-related conduct identified in the motion.

      **IT IS SO ORDERED.**

      DATED: March 11, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge