# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DOLORES DE LEON, | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-01028-PMP-NJK |
| vs. | ) | ORDER DENYING IN PART |
| CIT GROUP INC., et al., | ) | MOTION FOR SANCTIONS (Docket No. 165) |
| Defendants. | ) | |

Pending before the Court is Plaintiff Dolores De Leon's ("Plaintiff") motion for sanctions. Docket No. 165. Defendant CIT ("Defendant") filed a response. Docket No. 173. No reply was filed. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2. Having considered the materials submitted and the arguments of counsel, the Court hereby **DENIES** the motion in part.[1]

Plaintiff's motion contends that sanctions should be imposed pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying proceedings. To prevail on such a motion, Plaintiff must show subjective bad faith, which "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *B.K.B.*

---

[1] The pending motion seeks sanctions for various conduct. This order resolves the motion only with respect to discovery-related conduct addressed at pages 3-6 of the motion (*i.e.*, Defendant's purported refusal to authenticate documents). *See* Docket No. 165 at 3-6. The Court expresses no opinion with respect to the other aspects of the motion, which remain pending.

1  *v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *In re Keegan Mgmt. Co., Sec.*
2  *Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).  No such showing has not been made here, so the motion is
3  **DENIED** with respect to the discovery-related conduct identified in the motion.
4        **IT IS SO ORDERED.**
5        DATED: March 11, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge