# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DOLORES DE LEON,

        Plaintiff,

vs.

CIT GROUP INC., et al.,

        Defendants.

Case No. 2:11-cv-01028-PMP-NJK

ORDER GRANTING IN PART COUNTER-MOTION TO COMPEL (Docket No. 128)

      Pending before the Court is Defendant CIT's ("Defendant") Counter-Motion to Compel. Docket No. 128 at 29-38 ("Counter-Motion"). Plaintiff Dolores De Leon ("Plaintiff") filed a response and Defendant filed a reply. Docket Nos. 138 ("Response"), 141 ("Reply"). The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2. Having considered the materials submitted and the arguments of counsel, the Court hereby **GRANTS** in part and **DENIES** in part the Counter-Motion for the reasons discussed below.

**I.   ANALYSIS**

      The Counter-Motion identifies three requests for production for which Plaintiff's responses have been insufficient. Before reaching the specific discovery at issue, the Court addresses an over-arching argument made by Plaintiff; namely, that the Counter-Motion is premature because Plaintiff objected to Judge Johnston's August 22, 2012 rulings concerning the same discovery. *See* Response at 2. Plaintiff is incorrect. "[T]he filing of objections to a magistrate judge's order on a non-dispositive matter does not stay the order's operation." *See, e.g.*, *Oracle America, Inc. v. Google, Inc.*, 2011 WL 3794892, *5 n.7 (N.D. Cal. Aug. 26, 2011); *In re Air Crash at Taipei, Taiwan on October 31, 2000*, 2002 WL 32155477, *5 (C.D. Cal. Oct. 23, 2002). Plaintiff was required to timely comply with Judge Johnston's rulings regardless of the filing of objections thereto. The

Counter-Motion is not premature, so the Court turns to the particular discovery in dispute.

### A.     Request For Production No. 2

This request for production seeks documents evidencing Plaintiff's income for the years 2002 through 2005.  Defendant indicates that Plaintiff has produced documents related to some of these years, but not all of them.  *See* Counter-Motion at 35.  Plaintiff's Response notes difficulty in obtaining some of the documents.  *See* Response at 2.  In the event that such documents are unobtainable, the request for production provides instructions so that Defendant can obtain the information sought through other means.  Defendant contends that Plaintiff has failed to produce responsive documents and failed to comply with the instructions regarding those documents she is unable to provide.

Concurrently with the filing of her Response to the Counter-Motion, Plaintiff provided a supplemental production with respect to Request for Production No. 2.  *See* Reply at 5 (indicating that Plaintiff served copies of bank statements).  Defendant "does not concede the sufficiency of Plaintiff's response," but the Reply also fails to identify any deficiency that remains with respect to the document production.  *See id.*  Accordingly with respect to producing documents responsive to Request for Production No. 2, the Counter-Motion is **DENIED** as moot.

The Counter-Motion also sought an order requiring Plaintiff to comply with the instructions regarding those documents that she is unable to obtain.  There is no indication that this aspect of the Counter-Motion has been mooted.  Plaintiff's Response does not address this issue, so the Court deems this aspect of the Counter-Motion to be unopposed.  *See* Local Rule 7-2(d).  The Court has also reviewed Defendant's arguments on this issue and finds them meritorious.  Accordingly, with respect to the instructions in Request for Production No. 2 for documents that Plaintiff is unable to obtain, the Counter-Motion is **GRANTED**.  Plaintiff shall comply with this order within 10 days.

### B.     Request for Production No. 4

This request for production seeks documents supporting Plaintiff's statement in an affidavit that she has invested "approximately over one million dollars over the years."  Defendant argues that Plaintiff has indicated that all responsive documents were provided, but failed to provide a list of documents with sufficient information allowing Defendant to identify the responsive documents.

Counter-Motion at 35.  Plaintiff provided a supplemental discovery response for Request for Production No. 4 after the Counter-Motion was filed.  *See* Reply at 5.  Defendant "does not concede the sufficiency of Plaintiff's response," but the Reply also fails to identify any deficiency that remain.  Accordingly with respect to Request for Production No. 4, the Counter-Motion is **DENIED** as moot.

### C. Request for Production No. 6

This request for production seeks documents exchanged between Plaintiff and the bank, lender or other entity while seeking financing as stated in the Complaint and affidavit.  Defendant argues that Plaintiff's counsel indicated that additional responsive documents had been produced to Defendant, but refused to supplement the discovery response to identify those documents.  *See* Counter-Motion at 36.  Plaintiff's Response does not address this issue, so the Court deems this aspect of the Counter-Motion to be unopposed.  *See* Local Rule 7-2(d).  The Court has also reviewed Defendant's arguments and finds them meritorious.  Accordingly, with respect to Request for Production No. 6, the Counter-Motion is **GRANTED**.  Plaintiff shall comply with this order within 10 days.

### III. IMPOSITION OF RULE 37(b)(2) SANCTIONS

Defendant moves for the imposition of "severe sanctions" pursuant to Federal Rule of Civil Procedure 37(b)(2), including striking Plaintiff's Complaint.  *See* Counter-Motion at 36.  Defendant cites to previous orders regarding Plaintiff's failure to properly respond to discovery, but provides only cursory discussion regarding the imposition of these sanctions.  *See id.* at 36-37.  The Court declines to impose sanctions under Rule 37(b)(2) based on the limited discussion provided.  Accordingly, Defendant's request for Rule 37(b)(2) sanctions is **DENIED**.

### IV. AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO RULE 37(a)(5)

Defendant also seeks attorney's fees and costs for filing the Counter-Motion pursuant to Federal Rule of Civil Procedure 37(a)(5).  *See* Counter-Motion at 37.  Where a movant succeeds in brining a motion to compel, the Court awards attorney's fees and costs unless (1) the movant failed to properly meet and confer, (2) the non-movant was substantially justified in its actions, or (3) other circumstances make an award or expenses are unjust.  *See* Rule 37(a)(5).  Here, Defendant has

prevailed on its motion and none of the outlined reasons for denying attorney's fees and costs exist. Moreover, the Response to the Counter-Motion fails to include any discussion regarding the request for attorney's fees and costs. Accordingly, the Court finds the award of attorney's fees and costs proper.[1]  No later than March 18, 2013, Defendant shall submit a declaration outlining its attorney's fees and costs in making the motion. Any response is due no later than March 25, 2013.

## V.     CONCLUSION

For the reasons discussed above, Defendant's Counter-Motion is **GRANTED** in part and **DENIED** in part.  The Court further **ORDERS** Plaintiff to pay attorney's fees and costs to be determined by the Court at a later date.  No later than March 18, 2013, Defendant shall submit a declaration outlining its attorney's fees and costs in making the motion.  Any response is due no later than March 25, 2013.

**IT IS SO ORDERED.**

DATED: March 11, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The fees and costs associated with the aspects of the Counter-Motion that are denied as moot are recoverable, as are the aspects that the Court granted.  *See* Rule 37(a)(5)(A).