UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DOLORES DE LEON,

    Plaintiff,

vs.

CIT GROUP INC., et al.,

    Defendants.

Case No. 2:11-cv-01028-PMP-NJK

ORDER DENYING MOTION TO COMPEL (Docket No. 109)

    Pending before the Court is Plaintiff Delores De Leon's Motion to Compel Discovery, filed on September 21, 2012. Docket No. 109. The Court has considered Plaintiff's Motion (#109); Defendant's Response (#125); and Plaintiff's Reply (#133).

    The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

    Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151

1  F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation
2  process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery
3  disputes." *Id*. This is done when the parties "present to each other the merits of their respective
4  positions with the same candor, specificity, and support during the informal negotiations as during the
5  briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants
6  must file certifications that "accurately and *specifically* convey to the court who, where, how, and when
7  the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D.
8  at 170 (emphasis added).

9  In this case, the Plaintiff's certification is insufficient and fails to comply with the requirements
10 set forth in *ShuffleMaster*. Further, the certification is unclear as to whether Plaintiff even claims that
11 a meet and confer existed on each disputed issue, much less whether it actually occurred.

12 Accordingly, the Motion to Compel is hereby **DENIED**.
13 IT IS SO ORDERED.

14
15 DATED: March 11, 2013
16
17 _____
   NANCY J. KOPPE
18 United States Magistrate Judge