UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOLORES DELEON, <br><br> Plaintiff, <br><br> v. <br><br> CIT SMALL BUSINESS LENDING CORPORATION, <br><br> Defendant. | 2:11-CV-01028-PMP-NJK <br><br><br> ORDER |

Presently before the Court is Plaintiff Dolores DeLeon's Motion to Set Aside Monetary Sanctions (Doc. #79), filed on June 1, 2012. Defendant CIT Small Business Lending Corporation filed an Opposition (Doc. #83) on June 14, 2012. Plaintiff filed a Reply (Doc. #86) on June 22, 2012.

Also before the Court is Plaintiff's Motion for Leave to File Supplemental Brief with Newly Discovered Legal Authority to Support Motion to Strike Sanctions (Doc. #92), filed on July 30, 2012. Defendant filed an Opposition (Doc. #94) on July 31, 2012. Plaintiff filed a Reply (Doc. #95) on August 1, 2012.

**I. BACKGROUND**

On February 16, 2012, Defendant moved to compel and for sanctions for Plaintiff's failure to meet her discovery obligations. (Def.'s Mot. to Compel & for Sanctions (Doc. #40).) Specifically, Defendant argued that despite several informal extensions Defendant granted Plaintiff, Plaintiff failed to provide a calculation of damages, failed to respond to Defendant's interrogatories, failed to respond to Defendant's request

for production.  (Id.)  Defendant also argued Plaintiff gave evasive responses to several requests for admissions.  (Id.)  Defendant requested costs for having to move to compel Plaintiff's compliance with her discovery obligations.  (Id.)  Plaintiff responded by contending that her compliance with discovery obligations was hampered by the appearance and then withdrawal of prior counsel in the case, the age of the documents at issue, and the fact that Plaintiff has had to move and thus she was having difficulty locating responsive documents.  (Pl.'s Opp'n to Mot. to Compel & for Sanctions & Countermot. for Expansion of Time to Prepare Damage Calculations (Doc. #46).)  Plaintiff admitted that her answers to interrogatories "were outstanding for several days," and that "[t]here may be more documents to be produced," but Plaintiff disputed that her responses to the requests for admissions were inappropriate.  (Id. at 4-6.)  Plaintiff countermoved for more time to prepare her calculation of damages.  (Id. at 7-10.)

    The Magistrate Judge held a hearing on Defendant's Motion and Plaintiff's Countermotion on March 28, 2012.  (Mins. of Proceedings (Doc. #51).)  The Magistrate Judge granted Defendant's Motion to Compel, and gave Plaintiff a deadline of April 11, 2012 to complete discovery responses.  (Id.)  The Magistrate Judge also ordered Defendant to prepare an affidavit regarding attorney's fees and costs incurred in preparing the Motion to Compel.  (Id.)  The Magistrate Judge granted Plaintiff's Countermotion, giving Plaintiff until April 11, 2012 to file a damages calculation.  (Id.)

    Defendant thereafter provided an affidavit of fees and costs in the amount of $7,038.78.  (Aff. of Rachel E. Donn, Esq. in Support of Def. CIT's Mot. for Attorney's Fees/Sanctions (Doc. #50).)  Plaintiff did not file any objection to the affidavit.

    On April 12, 2012, one day after the deadline the Magistrate Judge imposed, Plaintiff filed an initial calculation of damages.  (Pl.'s Initial Calculation of Damages (Doc. #55).)  Plaintiff filed an amended calculation the next day.  (Pl.'s Am. Initial Calculation of Damages (Doc. #56).)  That same day, Defendant filed a Motion for Order to Show Cause

Why Plaintiff Should not be Held in Contempt, to Strike Complaint, and for Sanctions (Doc. #57). Defendant asserted that Plaintiff had not met the deadline for any of the discovery the Magistrate Judge had ordered Plaintiff to produce on or before April 11, 2012. Defendant thus requested the Magistrate Judge find Plaintiff in contempt, strike the complaint, and impose further monetary sanctions for Defendant's costs in bringing the Motion.

Plaintiff responded by arguing that Plaintiff and her counsel had expended a lot of time and effort since the prior hearing to meet Plaintiff's discovery obligations. (Pl.'s Opp'n to Mot. for Order to Show Cause Why Pl. Should not be Held in Contempt, to Strike Compl., & for Sanctions & Countermot. for Sanctions for Filing Frivolous Mot. (Doc. #60).) Plaintiff also identified several challenges to timely completing her discovery obligations, including the fact that the underlying events took place in 2004 and 2005, that third parties may no longer have records, and that Plaintiff has moved a couple of times and has records stored in different locations. (Id.) Plaintiff countermoved for sanctions, arguing that by the time Defendant moved for relief, Plaintiff had provided a damages calculation, amended her responses to the requests for admissions, and amended her answers to the interrogatories. (Id.)

The Magistrate Judge held a hearing on Defendant's Motion and Plaintiff's Countermotion on May 17, 2012. (Mins. of Proceedings (Doc. #75); Tr. (Doc. #80).) The Magistrate Judge denied Defendant's Motion to the extent Defendant sought contempt, but granted the Motion for sanctions under Federal Rule of Civil Procedure 37 in the amount of $5,000 based on Plaintiff's admitted failure to meet the April 11 deadline for any of the categories of discovery. (Id.) The Magistrate Judge denied Plaintiff's Countermotion for sanctions. (Id.)

Plaintiff now objects to the Magistrate Judge's rulings with respect to these two sets of motions. Plaintiff argues she was reasonably diligent in preparing discovery

responses, she and her counsel committed substantial time and effort in complying with her discovery obligations in response to the Court's order, and she is financially unable to pay $12,000 in sanctions. She requests the Court strike the fees and instead publicly reprimand Plaintiff for failing to timely and fully respond to outstanding discovery requests. Plaintiff also moves the Court to consider new case law from the United States Court of Appeals for the Ninth Circuit, Haynes v. City and County of San Francisco, 688 F.3d 984 (9th Cir. 2012), which held that a court may consider a lawyer's inability to pay as a basis for reducing a sanction under 28 U.S.C. § 1927.

Defendant responds that the Magistrate Judge's decision to award fees was neither clearly erroneous nor contrary to law given Plaintiff's undisputed failure to meet any discovery deadlines. Defendant also opposes supplementing the record with new authority because the new case does not relate to sanctions for discovery violations. Additionally, Defendant argues that Haynes permits a district court to reduce sanctions based on an inability to pay, but it does not require the district court do so.

**II. DISCUSSION**

Magistrate judges statutorily are authorized to resolve "pretrial matter[s]," such as sanctions under Federal Rule of Civil Procedure 37, subject to review by district judges under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); Grimes v. City & Cnty. of S.F., 951 F.2d 236, 240 (9th Cir. 1991). A finding is clearly erroneous when, although there is evidence to support it, the reviewing Court is left with the "definite and firm conviction that a mistake has been committed." Lewis v. Ayers, 681 F.3d 992, 998 (9th Cir. 2012) (quotation omitted). This Court may not substitute its judgment for that of the Magistrate Judge. Grimes, 951 F.2d at 241.

Pursuant to Federal Rule of Civil Procedure 37(a)(5) and (b)(2)(C), the Court may award reasonable expenses, including attorney's fees, caused by a party's failure to comply with its discovery obligations or with a discovery-related court order. The Court

has broad discretion in imposing sanctions under Rule 37.  <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101,1105-06 (9th Cir. 2001).

Plaintiff has failed to demonstrate the Magistrate Judge's decisions are clearly erroneous or contrary to law.  Plaintiff undisputably failed to comply with her discovery obligations despite multiple informal extensions from Defendant's counsel, resulting in Defendant having to file a motion to compel.  Plaintiff undisputably did not meet the April 11 deadline for any of the discovery she was required to produce by that date.  She did not move for an extension of time in which to meet those obligations, instead simply missing the court-imposed deadline.  Although Plaintiff met some of her discovery obligations within the next few days after the April 11 deadline, by the time of the second hearing on May 17, Plaintiff still had not responded to Defendant's request for production of documents.  Reviewing Plaintiff's course of conduct in failing to meet any deadline imposed on her, despite numerous extensions, the Magistrate Judge's decision to impose sanctions was not clearly erroneous or contrary to law.

Nor was the amount imposed unreasonable or contrary to law.  The Magistrate Judge imposed the initial $7,038.78 based on Defendant's attorney affidavit, to which Plaintiff did not object.  The Magistrate Judge imposed the additional $5,000 based on a second motion to compel to obtain the same information.  Plaintiff did not argue she is unable to pay $12,000 before the Magistrate Judge.  Thus, unlike the district court in <u>Haynes</u>, the Magistrate Judge did not erroneously conclude that as a matter of law he could not consider Plaintiff's ability to pay in deciding the amount of sanctions to impose.  688 F.3d at 987-88 (holding a district court may, in its discretion, reduce a sanctions award under 28 U.S.C. § 1927 based on an attorney's inability to pay).  Consequently, the Magistrate Judge's decision was not clearly erroneous or contrary to law for failing to adjust the sanction based on Plaintiff's inability to pay where Plaintiff made no such argument to the Magistrate Judge and the Magistrate Judge gave no indication that he

believed he could not consider Plaintiff's ability to pay as a matter of law.

Reviewing the docket, the transcript of the May 17, 2012 hearing, and the parties' submissions, the Magistrate Judge's decision was neither clearly erroneous nor contrary to law. Plaintiff continuously failed to meet her discovery obligations despite numerous extensions. The Magistrate Judge therefore properly sanctioned her in amounts that were reasonable based on the evidence and arguments before the Magistrate Judge.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff Dolores DeLeon's Motion to Set Aside Monetary Sanctions (Doc. #79) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Supplemental Brief with Newly Discovered Legal Authority to Support Motion to Strike Sanctions (Doc. #92) is hereby GRANTED.

DATED: March 25, 2013

_____
PHILIP M. PRO
United States District Judge