1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DELORES DE LEON,                                        )
                                                                    )
                    Plaintiff(s),                          )        Case No.:  2:11-cv-01028-PMP-NJK
                                                                    )
vs.                                                                )        ORDER SETTING ATTORNEY'S
                                                                    )        FEES PURSUANT TO COURT'S
CIT SMALL BUSINESS LENDING CORP., et al., )        MARCH 11, 2013 ORDER
                                                                    )
                    Defendant(s).                        )
                                                                    )

16      On March 11, 2013, the Court issued an order holding that Defendant is entitled to recover

17  fees in relation to its motion to compel, which the Court granted.  Docket No. 188.  The Court has

18  now received a declaration from Defense counsel seeking $6,300 in fees.  Docket No. 192.  Plaintiff

19  filed an objection.  Docket Nos. 193-194.  Upon the Court's review of the materials submitted, it

20  finds that $6,300 is the appropriate amount of attorney's fees that should be awarded and that the

21  fees are imposed jointly and severally against Plaintiff and her counsel, Robert Lueck.

22      Reasonable attorney's fees are generally based on the traditional "lodestar" method.  Under

23  the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours

24  reasonably expended on the litigation" by " a reasonable hourly rate."  *See Hensley v. Eckerhart*,

25  461 U.S. 424, 433 (1983).  The lodestar figure is presumptively reasonable.  *Cunningham v. County*

26  *of Los Angeles*, 879 F.2d 481, 489 (9th Cir. 1988).

27      Plaintiff does not dispute that the hourly rates identified are reasonable and, indeed, they are

28  commensurate with the rates already found to be appropriate for these attorneys in this case.

1    *Compare* Docket No. 192 at 2 (rates of $250/hour for Marilyn Fine, $250/hour for Rachel Donn, and

2    $185/hour for Peter Dunkley) *with* Docket No. 50 at 2 ($250/hour for Rachel Donn, and $185/hour

3    for Peter Dunkley) and Docket No. 75 (granting fees as requested).  The Court, based its familiarity

4    with attorney rates in Las Vegas, concludes that the billing rates are reasonable. With respect to the

5    hours claimed, Plaintiff fails to dispute any particular hours worked as unreasonable.  Instead, she

6    makes a blanket objection that they are excessive because the issues briefed are similar to those

7    briefed previously.  *See* Docket No. 193 at 1, 3.  The Court has reviewed the hours claimed, *see*

8    Docket No. 192 at Exh. B, and finds that they were reasonably spent with respect to the motion to

9    compel granted on March 11, 2013.  Accordingly, multiplying the rates and hours, the Court

10   concludes that the fees payable shall be in the amount of $6,300.  *See id.*

11        Plaintiff argues that the award of any fees is improper because she cannot afford to pay them.

12   This argument fails.  The sanctioning party has the burden of providing probative evidence of his or

13   her inability to pay.  *See Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993).  While the Court has

14   considered Plaintiff's affidavit related to her finances, the Court finds that the amount awarded

15   remains appropriate.  In particular, the papers submitted presume that Plaintiff alone bears the

16   responsibility for any fees awarded.  *See* Docket No. 193 at 3 (affidavit filed by Mr. Lueck stating

17   that Plaintiff is unable to pay the fees).  But this Court has the authority to award fees under Federal

18   Rule 37 against Plaintiff and her counsel jointly and severally.  *See, e.g.*, *Toth v. Trans World*

19   *Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988); *see also* Federal Rule 37(a)(5)(A) (courts may

20   require fees to be paid by "the party or attorney advising the conduct, or both").  Awarding sanctions

21   against a party and her counsel jointly and severally is appropriate where (as here) it is unclear based

22   on the record which is less blameworthy than the other.  *See, e.g.*, *In re George*, 322 F.3d 586, 592

23   (9th Cir. 2003) (citing *Int'l Union of Bricklayers & Allied Craftsmen Local Union No. 20, AFL-CIO*

24   *v. Jaska*, 752 F.2d 1401, 1407 & n.8 (9th Cir. 1985)) (parties are in the best position between them

25   as to who caused the sanctionable conduct); *see also Kendrick v. Zanides*, 609 F. Supp. 1162, 1173

26   (N.D. Cal. 1985).  As such, the fees awarded in this order are to be borne jointly and severally by

27   Plaintiff and Mr. Lueck.

28   //

1    For the reasons stated above, the Court finds that Plaintiff and Mr. Lueck are jointly and

2  severally liable for $6,300 in attorney's fees payable to Defendant in connection with the motion to

3  compel granted on March 11, 2013.  Payment shall be made within 10 days of this order.

4    IT IS SO ORDERED.

5    DATED: March 26, 2013.

6

7

8    _____
     NANCY J. KOPPE
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28